[No. 1225.]

IN THE MATTER OF THE ESTATE OF ANTHONY McMAHAN,
DECEASED.   R. H. ELAM, EXECUTOR, APPELLANT.

EXECUTOR OF ESTATE—FINAL ACCOUNT—ORDER TO PAY MONEY TO COUNTY
TREASURER—VOID.—Where an executor files his final account, an order
of the court directing him to pay over money in his hands to the county
treasurer, to be placed to the credit of the heirs and devisees of the testa-
tor, and to be paid to such heirs and devisees on the order of the court
after proof of identity, is void.

APPEAL from the District Court of the Sixth Judicial Dis-
trict, Lincoln County.

The facts are stated in the opinion.

*C. H. Patchen* and *Trenmor Coffin*, for Appellant:

No brief on file for Respondent:

By the Court, HAWLEY, J.:

The executor of this estate presented to the district court an
" account of his receipts and disbursements as a final account
of his executorship," and on the day set for the settlement of
the account, the report of the executor was confirmed, and the
account "allowed and approved" by the court.   The portion
of the order appealed from reads as follows: "The said execu-
tor is hereby ordered to forthwith pay into the hands of the
county treasurer of Lincoln County, state of Nevada, the above-
mentioned sum of one thousand and eighty-seven dollars and
fifty cents; said sum to be by said treasurer placed to the credit
of the heirs and devisees of said Anthony McMahan, deceased,
and to be by said treasurer paid to said heirs or devisees upon
the order of this court, after proof of identity as such."

The sum of one thousand and eighty-seven dollars and fifty
cents was the amount shown to be in the hands of the executor.
If the estate was not in a condition to be closed when the final
account of the executor was presented, it was the duty of the
court to give such reasonable extension of time as might be
necessary "for a final settlement of the estate."   (1 Comp. L.
729.)   The order requiring the executor to pay the moneys in

his hands to the county treasurer was without authority of law, and void. (*Willson* v. *Hernandez*, 5 Cal. 443.) The costs of this appeal should be paid "out of the estate." (1 Comp. L. 791.)

The order appealed from is reversed, and the cause remanded.